THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No: 5:11-cv-00296-FL

| | | |
|---|---|---|
| VEOLIA WATER SOLUTIONS & TECHNOLOGIES SUPPORT, | ) ) ) | |
| Plaintiff, | ) ) | AMENDED COMPLAINT |
| v. | ) ) ) | Jury Trial Demanded |
| SIEMENS INDUSTRY, INC., | ) ) | |
| Defendant. | ) | |

Plaintiff Veolia Water Solutions & Technologies Support ("VWS"), by and through its counsel, complaining of Defendant Siemens Industry, Inc. ("Siemens"), hereby demands a jury trial and alleges and says:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq*., to enjoin and obtain damages resulting from Siemens' unauthorized manufacture, use, sale, offer to sell, and/or importation into the United States for subsequent use or sale of products and/or systems that infringe one or more claims of United States Patent No. 7,597,805 ("the '805 Patent"), attached hereto as Exhibit A and entitled "Rotary Disc Filter and Module for Constructing Same," or United States Patent No. 7,972,508 ("the '508 Patent"), attached hereto as Exhibit E and entitled "Rotary Disc Filter and Module for Constructing Same," or both. VWS seeks injunctive relief to prevent Siemens from continuing to infringe the '805 Patent and the '508 Patent, and, in addition, seeks a recovery of monetary damages resulting from Siemens' infringement of the '805 Patent and the '508 Patent.

## PARTIES

2. Plaintiff VWS is a privately-held joint-stock company with limited liability (Société anonyme), organized and existing under the laws of France, having its registered head office at L'Aquarène, 1, place Montgolfier, 94417 Saint-Maurice, France.

3. Plaintiff VWS is the lawful assignee of all right, title, and interest in and to the '805 Patent and the '508 Patent.

4. Upon information and belief, Siemens is a Delaware corporation having a principal place of business in Warrendale, Pennsylvania. Upon further information and belief, Siemens manufactures, uses, sells, imports, and/or distributes disc filters accused of infringement herein.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 *et seq*. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338 (a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), & 1400(b).

7. This Court has personal jurisdiction over Siemens, and venue is proper in this district, because Siemens has regularly conducted business in North Carolina and this judicial district, and infringement has occurred and continues to occur in North Carolina and this district. In addition, the Court has personal jurisdiction over Siemens because it has established minimum contacts with the forum and the exercise of the Court's jurisdiction over Siemens would not offend traditional notions of fair play and substantial justice.

## FACTS

8. The '805 Patent and the '508 Patent are generally directed to various aspects of a rotary disc filter.

9. The '805 Patent was duly and legally issued on October 6, 2009. The '508 Patent was duly and legally issued on July 5, 2011.

10. Defendant Siemens markets, makes, uses, sells, offers for sale, and/or imports into the United States products that directly infringe one or more claims of the '805 Patent, one or more claims of the '508 Patent, or both. The infringing products include, but are not limited to, disc filters identified by Siemens as the "Forty-X™ disc filter." A copy of an Internet-based advertisement for the Forty-X™ disc filter is attached hereto as Exhibit B. A copy of technical specifications for the Forty-X™ disc filter is attached hereto as Exhibit C. A copy of a brochure describing the Forty-X™ disc filter is attached hereto as Exhibit D.

## COUNT I
## INFRINGEMENT OF THE '805 PATENT
## 35 U.S.C. § 271

11. VWS realleges and incorporates by reference the preceding paragraphs of the Complaint.

12. VWS is the assignee and lawful owner of all right, title, and interest in and to the '805 patent.

13. Siemens makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use disc filters known as the Forty-X™ disc filter, which directly infringe at least claims 1 and 16 of the '805 Patent.

14. Siemens' acts of infringement have caused damage to VWS, and VWS is entitled to recover damages adequate to compensate for the infringement.

15. Siemens' continuing infringement of the '805 Patent will continue to damage VWS' business, causing irreparable harm unless enjoined by the Court.

## COUNT II
## INFRINGEMENT OF THE '508 PATENT
## 35 U.S.C. § 271

16. VWS realleges and incorporates by reference the preceding paragraphs of the Complaint.

17. VWS is the assignee and lawful owner of all right, title, and interest in and to the '508 patent.

18. Siemens makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use disc filters known as the Forty-X™ disc filter, which directly infringe at least claims 1 and 16 of the '508 Patent.

19. Siemens' acts of infringement have caused damage to VWS, and VWS is entitled to recover damages adequate to compensate for the infringement.

20. Siemens' continuing infringement of the '508 Patent will continue to damage VWS' business, causing irreparable harm unless enjoined by the Court.

## PRAYER FOR RELIEF

WHEREFORE VWS respectfully prays for judgment against Siemens, granting VWS the following relief:

A. That the Court enter judgment that Siemens has infringed U.S. Patent No. 7,597,805;

B. That the Court enter judgment that Siemens has infringed U.S. Patent No. 7,972,508;

C. That the Court permanently enjoin Siemens and its parents, subsidiaries, affiliates, successors and assigns, and each of their respective officers, directors, agents, servants, employees, attorneys, and all persons within their control from making, using, selling, offering to sell, importing, or advertising products and/or employing systems or products and/or otherwise making use of systems or products that infringe any of the claims of the '805 Patent or the '508 Patent, or both, or otherwise engaging in acts of infringement of the '805 Patent or the '508 Patent;

D. That the Court order an accounting to determine the damages to be awarded to VWS as a result of Siemens' infringement;

E. That the Court, pursuant to 35 U.S.C. § 284, enter an award to VWS of such damages as it shall prove at trial that are adequate to compensate VWS for Siemens' infringement of the '805 Patent and the '508 Patent, said damages to be no less than a reasonable royalty;

F. That the Court assess pre-judgment and post-judgment interest and costs against Siemens, together with an award of such interest and costs to VWS, in accordance with 35 U.S.C. § 284;

G. That the Court grant VWS such other, further, and different relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

VWS demands a trial by jury be held on all issues so triable.

Respectfully submitted, this the 5th day of July, 2011.

        **Coats & Bennett, PLLC**
        **Attorneys for VWS**

    By: */s/ Larry L. Coats*
       Larry L. Coats
       NC State Bar No. 5,547
       Anthony J. Biller
       NC State Bar No. 24,117
       Daniel P. Homiller
       NC State Bar No. 35,345
       1400 Crescent Green, Suite 300
       Cary, North Carolina 27518
       Telephone: (919) 854-1844
       Facsimile: (919) 854-2084
       Email: lcoats@coatsandbennett.com
          abiller@coatsandbennett.com
          dhomiller@coatsandbennett.com