IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00296-FL

| | |
|---|---|
| VEOLIA WATER SOLUTIONS & TECHNOLOGIES SUPPORT, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| SIEMENS INDUSTRY, INC., | )<br>) |
| Defendant. | ) |

This matter comes before the court on plaintiff's motion to strike defendant's amended non-infringement and invalidity contentions, asserted orally at hearing on December 3, 2012. (DE 125).[1] The court directed defendant to file a brief addressing the issues raised in the motion, which defendant filed on January 4, 2013. (DE 149). Plaintiff filed a memorandum in opposition to defendant's brief, including a motion to strike defendant's brief. (DE 156). Also pending is defendant's motion to seal an exhibit attached to plaintiff's brief. (DE 173).[2]

## BACKGROUND

Plaintiff filed a complaint on June 13, 2011, and an amended complaint on July 5, 2011, alleging patent infringement by defendant and seeking monetary damages and injunctive relief to prevent continuing infringement. Plaintiff claims that defendant markets a wastewater treatment

---

[1] The court DIRECTS the clerk to amend the docket minute entry at DE 125 to reflect that plaintiff asserted a motion to strike amended non-infringement and invalidity contentions orally at hearing on December 3, 2012. (See DE 168, Tr. filed 1/24/13, p. 54, lines 5-8).

[2] Additional motions are pending on the docket, including at docket entries 144, 152, 169, and will be addressed by separate order.

filter, the Forty-X disc filter, that infringes two patents owned by plaintiff, referred to as the '805 Patent and the '508 Patent (collectively "the patents-in-suit").

Per deadlines in the court's initial case management order entered February 1, 2012, and subsequently amended, plaintiff served preliminary infringement contentions on February 21, 2012, and defendant served non-infringement and invalidity contentions on April 20, 2012. Deadlines for claim terms, claim construction, and other deadlines were extended several times at the request of the parties. (DE 38, 40, 42, 54). Pursuant to these deadlines, the parties filed a joint claim construction statement and disclosure of expert opinions on July 20, 2012, including disclosure by plaintiff that "testimonial evidence from Ake Ralvert and from Mark Stewart may be relied upon to support Plaintiff's proposed claim construction." (DE 57-2).

Defendant sought to depose Ralvert and Stewart, and moved to compel deposition of Ralvert in this district, which motion was resolved by the parties following hearing with the court on August 22, 2013. On September 12, 2012, the court granted joint motion for modification of claim construction dates, and directed close of claim construction discovery by October 12, 2012, and filing of opening briefs on claim construction by November 12, 2012. (DE 92). In accordance with these amended deadlines, defendant deposed Stewart on September 20, 2012, and Ralvert on October 10, 2012. (DE 150, Exs. E, G). Defendant served amended non-infringement and invalidity contentions on October 15, 2012. (Id., Ex. 10).

Plaintiff raised objections to defendant's amendments at hearing before the court on December 3, 2012. Plaintiff presented slides and oral argument in support of its contention that defendant's amendments are not based on new information, as required by Local Civil Rule 303.7. (See DE 168, Tr. filed 1/24/13, pp. 45-54). Plaintiff requested that the court strike the amendments,

2

which the court construes as the motion to strike now pending. (DE 125). The court directed defendant to file an opening brief to "account for" its amendments and to explain why the court should not strike the amendments. (Id. pp. 61, 62). The court also offered plaintiff the opportunity to file an opposition to defendant's brief. (Id. at p. 62).

In light of several additional motions pending, for which the court directed additional briefing, upon joint motion of the parties, the court amended the case management order regarding discovery and Markman issues on December 31, 2012. Pursuant to the amended case management order, all discovery is stayed until the court resolves the parties' disputes pertaining to the protective order. A claim construction hearing is not yet scheduled. The court will schedule a claim construction hearing to take place following the completion of claim construction briefing, including any supplemental briefing that may be necessary or ordered. Further, any fact discovery is to be completed 150 days after a claim construction opinion is issued.

On January 4, 2013, defendant filed its brief in support of its amendments to non-infringement and invalidity contentions, pursuant to Local Civil Rule 303.7. (DE 149). On January 18, 2013, plaintiff filed a memorandum in opposition, including a motion to strike defendant's brief.

## DISCUSSION

### A. Motion to Strike Brief

Plaintiff moves to strike defendant's brief, which is twenty (20) pages in length, on the basis that it exceeds the page limits proscribed in Local Civil Rule 7.2(e) regarding memoranda in discovery disputes. Local Civil Rule 7.2(e) provides that "[m]emoranda in support of or in opposition to a motion (other than a motion regarding discovery) shall not exceed thirty (30) pages in length." By contrast, "[m]emoranda in support of or in opposition to a discovery motion shall not

3

exceed ten (10) pages in length." In this case, when ordering briefing regarding the amendments, the court did not specify a briefing limitation, and the parties did not express a need for such limitation. Where the briefing ordered concerns amendments to non-infringement and invalidity contentions, and where it does not concern application of Federal Rules of Procedure regarding discovery, the court finds it inappropriate to characterize defendant's brief as regarding a "discovery motion" under Local Civil Rule 7.2(e). The court also notes that the parties corresponded regarding the page limitations, and defendant consented to plaintiff's filing of a twenty page brief if it wished to do so in reply to defendant's brief. (DE 156-1, 156-2). Therefore, the court DENIES plaintiff's motion to strike defendant's brief.

## B. Motion to Strike Amendments

Plaintiff moves to strike defendant's amendments to non-infringement and invalidity contentions because they are not based on the discovery of new or relevant information, and because defendant cannot show good cause for the amendments. (Pl's Opp. at 4-9; Tr. filed 1/24/13, pp. 45-54). Defendant argues that its amendments to non-infringement contentions properly were made within thirty days of discovery of new information relevant to non-infringement in the form of testimony from plaintiff's two claim construction experts. (Def's Mem. at 2). Defendant argues that its amendments to invalidity contentions are based mostly on new claims asserted by Veolia, and otherwise address previously asserted claims with substantially the same claim elements as plaintiff's newly asserted claims. (Id. at 2-3). In the alternative, defendant argues that it has shown good cause for all of its amendments. (Id. at 3).

The Local Patent Rules permit a party to amend its contentions "within thirty (30) days of the discovery of new information relevant to the issues of infringement, noninfringement, or

4

invalidity." Local Civil Rule 303.7. "Otherwise, amendment or modification shall be made only by order of the Court, which shall be entered only upon a showing of good cause." Id.

The parties have not identified, and the court has not found, any cases applying Local Civil Rule 303.7, nor any other local patent rules that permit amendments as of right, without leave of court, within thirty days of discovery of new relevant information. The Federal Circuit, however, has addressed application of the "good cause" standard for amendments, which is also found in the local civil rules of the Northern District of California and the Eastern District of Texas. See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1363 (Fed. Cir. 2006) (citing N.D. Cal. Patent L.R. 3-7). To demonstrate "good cause" for amendments under such local patent rules, the amending party must establish (1) its diligence in amending its contentions, measured by whether amendments were served "promptly after discovering new information," and (2) lack of prejudice to the non-amending party. Id. at 1366, 1368. Where a party has asserted amendments not in compliance with this rule, district courts have stricken the amendments or barred reliance on the information asserted in the amendments. See id. at 1363 n. 9.

Local patent rules that permit amendments upon showing of good cause "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." Id. at 1366. On the one hand, such local rules are "designed specifically to require the parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." Id. at 1364 (quotations omitted). On the other hand, "refusing to allow any amendment to contentions based on new information developed in discovery could be contrary to the spirit of the Federal Rules," where "[t]he Federal Rules replaced a system in which the issues had to be conclusively defined at the outset of litigation through the pleadings, with a

5

system that relied on discovery and pretrial hearings to gradually identify the precise issues in dispute as more information became available." Id. at 1366. Accordingly, to balance these competing concerns, the local rules permit amendment of contentions "promptly after discovering new information." Id. at 1366.

Turning to application of these standards, the court will address separately below the propriety of defendant's non-infringement and invalidity amendments.

### i. Non-infringement amendments

Defendant amended its non-infringement contentions in several respects. Most prominently, defendant previously did not assert any non-infringement contention in response to claim 1.e of the '805 patent, which states:

> 1. A rotary disc filter device comprising: . . .
>
> e. each disc-shaped filter member including a filter frame having a plurality of circumferential spaced radial supports
>
> that project outwardly from the drum and divide the disc-shaped filter member into a plurality of compartments for holding liquid to be filtered
>
> where each compartment is generally defined, in part at least, by two consecutive radial supports and the filters;

(DE 150-2 at 9). On October 15, 2012, after the deposition of Stewart and Ralvert, defendant amended its non-infringement contention regarding this claim to state as follows:

> The Forty-X rotary disc filter does not satisfy this claim element either literally or under the doctrine of equivalents. The Forty-X rotary disc filter does not have literally or equivalently "a plurality of compartments for holding liquid to be filtered."

6

> Rather, the Forty-X rotary disc filter has a single compartment in which water remains effectively quiescent during rotation of the filter. The Forty-X rotary disc filter has a single open duct in each of its radial supports and thus does not have compartments for "holding liquid."

(DE 150-9 at 11). Where the claim terms "compartment" and "holding liquid to be filtered" repeat in other parts of the claims for the '805 and '508 patents, defendant similarly amended its non-infringement contentions. (DE 150-9 at 17-18, 26, 33-34). In addition, defendant elaborated on non-infringement contentions where multiple compartments are discussed. (DE 150-9 at 1-2, 7-8, 10, 15, 27, 32, 35-36). All the challenged non-infringement amendments are highlighted at Exhibit E to plaintiff's memorandum in opposition to the amendments. (DE 165-5).

Defendant contends that these amendments were prompted by new information gathered in the depositions of Stewart and Ralvert. In particular, defendant argues that these two experts "described the operation of the patents-in-suit in a way not disclosed by the patents themselves," specifically regarding the "fluid dynamics of the patented disc filter." (Def's Mem. at 2). Defendant contends that plaintiff's original infringement contentions "did not shed light on the meaning of compartments for 'holding [the] liquid to be filtered' as recited in the claims" of the patents in suit, (Id. at 6). According to defendant, Stewart and Ralvert described a "design limitation" whereby the structure of the compartments in the patents-in-suit "results in some liquid turbulence." (Id. at 8). Thus, defendant "discovered that it had an additional non-infringement position based on how [plaintiff's] claim construction experts described the fluid dynamics of the patents-in-suit," which defendant claims are less effective than the Forty-X filter. (Id. at 11).

7

The court agrees that the testimony of Stewart and Ralvert cited by defendant includes new information relevant to the claims and contentions asserted. Not only did these experts describe the relationship between structure of the patents-in-suit and liquid disturbance, but also they explain why the amount of liquid disturbance is significant to the functioning of the filter. (See DE 150-5 at 92-93; 150-7 at 140-141). For example, where the '805 patent, claim 1.g., includes an element being "a substantial open area ... for permitting liquid to flow from a leading compartment into a trailing compartment," the experts described this as allowing water flow "without any significant disturbance," and "least possible disturbance." (Id.). By describing the significance of the structural elements of the patents-in-suit to the fluid-dynamics within the filter, the experts provided new information regarding the manner in which the claims in the patents-in-suit can be interpreted. Although the range of inferences that may be drawn from this testimony may be in dispute, the testimony nonetheless sheds light on the significance of the structural elements of the patents-in-suit.

Accordingly, defendant has established that its non-infringement amendments took place within thirty (30) days of the discovery of new relevant information discovered in the testimony of Stewart and Ralvert, as required for an amendment as of right under Rule 303.7.

Plaintiff raises several arguments in challenging the amendments, which the court finds unavailing. First, plaintiff argues that the experts' testimony gave defendant no new insight into the operation of its own Forty-X disc filter, where defendant has known about the fluid dynamics of its filters since March 2009, when its engineers produced a detailed report on that same subject. (Pl's Mem. at 4-5). But, this argument misses the point asserted by defendant that the experts' testimony gave defendant new insight into the operation of the patents-in-suit, not the Forty-X disc filter. (Def's Mem. at 11, 17). Indeed, defendant expressly asserts that it made non-infringement

8

amendments "based on Veolia's expert testimony regarding the fluid dynamics <u>of the patented disc filter</u>," and defendant notes that "[n]owhere do <u>the patents-in-suit or their prosecution histories</u> disclose the fluid dynamics as described by Veolia's claim construction experts." (<u>Id.</u>) (emphasis added).

Plaintiff next argues that the testimony defendant relies upon in support of its amendments is not relevant to the claims of the patents-in-suit because the claims themselves determine the scope of the invention. (Pl's Mem. at 6-7). Plaintiff cites <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1312 (Fed. Cir. 2005), for the proposition that "the claims define the scope of the invention." (Pl's Mem. at 6). Plaintiff fails to note, however, that <u>Phillips</u> recognizes a wide variety of information that may be relevant to claims construction. Indeed, <u>Phillips</u> recognized that although the court has "emphasized the importance of intrinsic evidence in claim construction," the court has also "authorized district courts to rely on extrinsic evidence, which consists of all evidence external to the patent and prosecution history, <u>including expert and inventor testimony</u>, dictionaries, and learned treatises." 415 F.3d at 1317 (quotations omitted) (emphasis added). While such extrinsic evidence may be less probative of the meaning of the claims, such evidence nonetheless may be used to support a claim construction contention. <u>See id.</u>

In this case, Ake Ralvert is not only an expert witness, but also one of the named inventors in the patents-in-suit. His testimony, therefore, may be particularly relevant to claims construction, given that "the interpretation to be given a term can only be determined and confirmed with a full understanding of what the inventors actually invented and intended to envelop with the claim." <u>Id.</u> at 1316 (quotations omitted). Moreover, plaintiff's argument that the expert testimony is irrelevant is undercut by plaintiff's own disclosure of the expert testimony, wherein it states that "testimonial

9

evidence from Ake Ralvert and from Mark Stewart may be relied upon to support Plaintiff's proposed claim construction." (DE 57-2). As such, plaintiff itself confirms the relevance of the expert testimony to the claims of the patents-in-suit.

Plaintiff also argues that because the term "fluid dynamics" does not appear in any of the claims of the patents-in-suit, and because the patents-in-suit do not claim a method for improving fluid dynamics, then the cited testimony is irrelevant to amendments directed at non-infringement of the claims. (Pl's Mem. at 7). However, even though the term "fluid dynamics" does not appear in the claims, descriptions of the flow of liquid figure prominently. Indeed, claim 1.e. describes compartments "for holding liquid to be filtered," claim 1.f. references "permitting liquid to pass from the drum," and claim 1.g. mentions "permitting liquid to flow from a leading compartment." (DE 156-5 at 1-2). Accordingly, where the claims describe flow of liquid through various structures of the patents-in-suit, the expert's discussion of fluid dynamics is relevant to the claims. In so ruling, the court notes that the issue of the relevance of the expert testimony is separate from the merits of defendant's non-infringement assertions, and the court expresses no view on the merits here.

Having determined that defendant amended its non-infringement contentions based on new and relevant information, the court need not reach the issue of whether defendant has demonstrated "good cause" for the amendments. See Local Civil Rule 303.7. The court notes, however, several points regarding the diligence and prejudice prongs of the good cause inquiry in further support of this decision.

With respect to diligence, comparison of this case to O2 Micro Intern Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355 (Fed. Cir. 2006) is informative. In that case, the plaintiff sought to amend its infringement contentions based on new evidence disclosed in discovery, particularly

10

information regarding a new theory of infringement identified during deposition of the defendant's engineer. 467 F.3d at 1360. The Federal Circuit held that the district court did not abuse its discretion in denying the amendment under the "good cause" standard provided in the Northern District of California local rules, where the plaintiff waited almost three months following the deposition to serve its proposed amended contentions, and two more weeks to formally move to amend as required under the local rules. Id. at 1367. This stands in contrast to the present case, where defendant served its amended contentions only five days after the deposition of Ralvert and twenty-five days after the deposition of Stewart.

Moreover, the amendments in O2 Micro took place much later in the case than the amendments here. In particular, the plaintiff there amended its infringement contentions several months after the court issued a claim construction ruling, and several months after the plaintiff had served its final infringement contentions following the claim construction ruling. See 467 F.3d at 1360. In the present case, by contrast, the amendments were served approximately one month before opening claim construction briefs were due, where no claim construction hearing has yet been scheduled or claim construction order issued.

Plaintiff argues that it is prejudiced by the amendments because defendant's "newfound non-infringement theory forces [plaintiff] to wholly reevaluate its infringement position with regard to all the claims for the two patents-in-suit." (Pl's Mem. at 9). The court, however, has recognized that supplemental briefing on claim construction may be required following its ruling on the amendments. In its December 31, 2012, case management order, the court stated that it will schedule a claim construction hearing to take place following the completion of claim construction briefing, including any supplemental briefing that may be necessary or ordered. To allow plaintiff to address

11

defendant's amendments, the court will direct the parties to meet and confer to develop a proposed schedule for supplemental claim construction contentions and briefs. While the court recognizes that plaintiff has "limited resources," (Pl's Mem. at 9), and considerable time and effort has already been spent on this litigation, this consideration alone does not trump the parties' respective rights and responsibilities under the Federal Rules and the patent rules of this court.

In sum, for all the reasons above, the court will deny plaintiff's motion to strike defendant's amended non-infringement contentions.

### ii. Invalidity amendments

Defendant asserts that most of its invalidity amendments are based on new claims asserted by Veolia, particularly plaintiff's amended infringement contentions served September 7, 2012, in which plaintiff asserted that the Forty-X disc filter infringed seven new claims of the patents-in-suit: claims 5 and 26 of the '805 patent and claims 9, 10, 28, 29, and 33 of the '508 patent. (DE 150-3). Plaintiff asserted in its new claims that the Forty-X disc filter contains "a pair of slots," one or more "groove[s]," and a "support arm" (DE 150-3). With respect to the remainder of the invalidity amendments, defendant asserts that these amendments "address previously asserted claims with substantially the same claim elements as the newly asserted claims," and that "no new prior art was added by these amendments." (Def's Mem. at 3).

Plaintiff objects to defendant's amended invalidity contentions to the extent the invalidity contentions are "for claims that were raised in [plaintiff's] original infringement contentions." (Pl's Mem. at 3). Plaintiff does not assert any basis for striking the amended invalidity contentions based on new claims asserted by plaintiff. (See id. at 3, 9, n. 4). Accordingly, as an initial matter, the court will allow defendant's invalidity amendments raised in the new claims asserted by Veolia.

12

With respect to the remainder of the invalidity amendments, however, which "address previously asserted claims with substantially the same claim elements as the newly asserted claims," (Def's Mem. at 3), defendant has not demonstrated that these amendments are based on "new" information, under Rule 303.7. Accordingly, defendant must demonstrate good cause for these amendments. Here defendant itself admits that these invalidity amendments "merely carry through previously disclosed invalidity theories," with respect to "previously asserted claims." (Def's Mem. at 14). In addition, defendant asserts that it made these amendments when it "realized that there were additional citations" in prior art previously disclosed, which it then sought to add to its invalidity contentions. (Id.) Because defendant could have added these citations at the time of previously asserted claims, and because defendant added these citations based on its own realization that there were additional citations in prior art previously disclosed, the court finds that defendant has not demonstrated diligence in making these amended invalidity contentions, and that defendant therefore has not demonstrated good cause for the amendments under Rule 303.7. In so holding, the court need not reach the issue of prejudice.

In sum, defendant's invalidity amendments made in response to plaintiff's claims asserted on September 7, 2012, will be allowed. Defendant's remaining invalidity amendments will be stricken.

## C. Motion to Seal

Plaintiff filed a notice at docket entry 157 of filing of proposed sealed materials, which were filed as proposed sealed Exhibit C at docket entry 158. Defendant filed a motion to seal, in accordance with the court's CM/ECF policies and procedures, Section T(1)(a)(6)(ii) (DE 173), accompanied by memorandum in support. (DE 174). For good cause shown, the Court will grant

13

defendant's motion, finding that Exhibit C contains confidential commercial information proprietary to Siemens, that public dissemination of this information would harm Siemens, and that this harm outweighs any right to access granted by common law.

## CONCLUSION

Based on the foregoing, plaintiff's motion to strike defendant's brief (DE 156) is DENIED. As noted above, the court DIRECTS the clerk to amend the docket minute entry at DE 125 to reflect that plaintiff asserted a motion to strike amended non-infringement and invalidity contentions orally at hearing on December 3, 2012. So construed, plaintiff's motion to strike amended non-infringement and invalidity contentions (DE 125), is GRANTED IN PART and DENIED IN PART. In particular, plaintiff's motion to strike defendant's amended non-infringement contentions is DENIED, and plaintiff's motion to strike defendant's amended invalidity contentions not made in response to new claims asserted by plaintiff is GRANTED, as set forth more particularly herein. Defendant's motion to seal (DE 173) is GRANTED.

To allow plaintiff time to address defendant's amendments now allowed, the court DIRECTS the parties to meet and confer to develop a proposed order regarding a schedule for supplemental claim construction contentions and briefs. The parties' proposed order(s) shall be filed within twenty-one (21) days of the date of this order.

SO ORDERED, this the 16TH day of May, 2013.

LOUISE W. FLANAGAN
United States District Judge